

FILED

04/27/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0048

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0048
_____

FILED

APR 27 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ZANE AARON TENOLD,

      Petitioner,

v.

WARDEN JIM SALMONSEN,

      Respondent.

O R D E R

Through counsel, the Respondent Warden Jim Salmonsen of the Montana State Prison has filed its supplemental response after this Court's March 23, 2021 Order pointing out that self-represented Petitioner Zane Aaron Tenold may be due additional credit for time served in his first sentence from the Ravalli County District Court.

Our previous Order contains more details about Tenold's three sentences, and we will not repeat it in its entirety. Pertinent here is this paragraph from the March 23, 2021 Order:

> We agree with the Department that not all of Tenold's sentences run concurrently. We conclude that the running of Tenold's sentences is correct. Upon review, however, this Court has concern with Tenold's first sentence because he may have not received all the credit that he was due, making it longer than the law allows. Section 46-18-403(1), MCA; *Lott v. State*, 2006 MT 279, ¶ 22, 334 Mont. 270, 150 P.3d 337. We point out that the District Court awarded Tenold twenty days of credit for time served in jail in his original deferred sentence. Section 46-18-201(9), MCA. For the 2010 revocation of his first sentence, as Tenold mentions, he received fifty-three days for credit in detention. Section 46-18-203(7)(b), MCA. According to the sentence calculation provided by each party, Tenold only received three days of credit for time served. It is unclear whether Tenold would be due at a minimum, twenty days, or at a maximum, seventy-three (20 + 53) days of credit for time served, without duplication along with the 72 hours for his first sentence because it was not included in the 2016 revocation judgment for his first sentence.

Order, at 2-3.

Warden Salmonsen concurs with this Court that Tenold is entitled to more credit for time served and provides a recalculation of his first sentence. Warden Salmonsen points out that Tenold's first sentence was calculated with only three days of credit for time served, and that he is due the additional 20 days plus the 53 days from the earlier judgments' awards. Warden Salmonsen explains that with the additional 73 days, or the total of 76 days, Tenold's first sentence has a commencement date of February 4, 2016, instead of April 17, 2016, and the discharge date is recalculated to be June 13, 2030. Warden Salmonsen concludes that the Department of Corrections is not extending Tenold's incarceration because the Department of Corrections has since corrected Tenold's first sentence to include all the credit for time served. *Lott*, ¶ 22.

Tenold's claim about a miscalculation of his sentences has since been rectified. We conclude that Tenold's discharge dates reflect this additional credit and that Tenold is not entitled to habeas corpus relief. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that Tenold's Petition for a Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Zane Aaron Tenold personally.

DATED this 22ᵗʰ day of April, 2021.

_____

_____

_____

_____

_____
Justices

2